IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAVERN BERRYHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-08-197-D |
| ) | |
| MELISSA HALVORSON, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner appearing pro se, has filed a complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983. The matter has been referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

On March 6, 2008, the undersigned entered an order directing Plaintiff to cure certain deficiencies with respect to his motion for leave to proceed *in forma pauperis* on or before March 26, 2008. On March 27, 2008, Plaintiff filed a motion for leave to proceed *in forma pauperis* which cured the identified deficiencies. For the reasons set forth hereafter, it is recommended that Plaintiff's motion be denied in accordance with 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the full $350 filing fee before being allowed to proceed with this action.

Analysis

Title 28 U.S.C. § 1915(g), the so-called three strikes provision of the *in forma pauperis* statute, as amended by the Prison Litigation reform Act of 1995, Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

> appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision does not bar a prisoner with three strikes from filing civil actions, but it does eliminate the privilege of proceeding *in forma pauperis* unless the imminent danger exception is demonstrated. A prisoner who has three strikes may nevertheless proceed in civil actions or appeals by prepaying the filing fee. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d. 775, 778 (10th Cir. 1999); *see also Medberry v. Butler*, 185 F.3d. 1189, 1193 n. 2 (11th Cir 1999) ("We note that 28 U.S.C. § 1915(g) does not deny prisoners the right of access to the courts; it merely requires them to pay the filing fee immediately and in full rather than on an installment plan.").

The undersigned takes judicial notice of this Court's records regarding Plaintiff's litigation history. Specifically, the undersigned notes that in a prior action filed by Plaintiff in this Court, United States District Judge Ralph G. Thompson entered an order dated May 25, 1999, finding that Mr. Berryhill had, at that time, previously filed eleven § 1983 actions, three of which were dismissed for failure to state a claim and/or as frivolous, and one of those dismissals was affirmed on appeal. *Berryhill v. Poppell*, No. CIV-99-407-T (Order [Doc. No. 8]).[1] Judge Thompson also concurred with Magistrate Judge Purcell's finding that the "imminent danger of serious physical harm" exception

---

[1] These prior occasions are identified in Judge Gary Purcell's Report and Recommendation dated April 29, 1999 as follows:

*Berryhill v. Beckman*, No. CIV-85-1364-E (Motion to Dismiss under Rule 12(b)(6) and 28 U.S.C. § 1915(d) granted); *Berryhill v. Maynard*, No. CIV-88-1034-T (Motion to Dismiss under Rule 12(b)(6) and 28 U.S.C. § 1915(d) granted); *Berryhill v. Faulk*, No. CIV-92-1705-T (dismissed upon filing for failure to state a claim); and *Berryhill v. Beckman*, No. CIV-85-1364-E, aff'd, No. 86-1533 (10th Cir. Oct. 22, 1986).

did not apply. *Id.* Based on these findings, Judge Thompson denied Mr. Berryhill's application to proceed *in forma pauperis* and dismissed his action without prejudice to refiling upon full payment of the filing fee pursuant 28 U.S.C. § 1915(g). *Id.* Judge Thompson also directed the Clerk of the Court "not to accept for filing from the plaintiff any civil actions accompanied by an application to proceed in forma pauperis unless the complaint alleges the plaintiff is under imminent danger of serious physical injury." *Id.*

The Court must therefore determine whether Plaintiff has asserted a credible allegation that he is under imminent danger of serious physical injury. Plaintiff makes no assertion in his complaint regarding any danger of serious physical injury. He did, however, file a Motion [Doc. No. 7], asserting that he is in "immediate imminent threat of serious physical injury" and requesting that an "FBI Agent be sent to see this Plaintiff Immediately." In that motion, Plaintiff asserts that Defendants have retaliated against him by charging him with a misconduct for assault on staff with injury. Motion at 1. He concludes that because of this "fabricated retaliatory behavior, his in danger of serious physical injury from other staff." *Id.* Such conclusory allegation does not raise a credible inference that he is in imminent danger of serious physical injury. Therefore, the exception to 28 U.S.C. § 1915(g) does not apply, and Plaintiff's *in forma pauperis* application should be denied.

## RECOMMENDATION

Accordingly, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be DENIED and this action dismissed without prejudice unless Plaintiff pays the full $350 filing fee within twenty days from the date of any order adopting this Report

3

and Recommendation. Plaintiff is advised that any objection to this Report and Recommendation must be filed with the Clerk of this Court by the 21st day of April, 2008, in accordance with 28 U.S.C. § 636 and Local Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 31st day of March, 2008.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE